Members of the Court, Dwight Lum, attorney for the appellant, Mr. Andrew Agard, and I would ask to reserve two minutes of my time. Well, we believe that we have raised a rather narrow issue. We're focusing on the restitution and the memorandum of plea agreement that was reached and the correspondence that occurred between the AUSA and Mr. Agard's defense attorney shows clearly that one of the main inducements to enter into that agreement was that the tax loss years would be limited to 2005 to 2007. In Mr. Michael Green's letter that was Mr. Lum, let me ask you like a threshold question. We sent an, I forgot exactly the wording of the order we sent out, but an order I think inquiring into whether it's even possible to appeal just from the restitution order as opposed to appealing from the, you know, from the sentence as a whole or the judgment of conviction. Now, if it turns out, you understand this now, you cannot appeal just from the restitution order. In a sense, by pursuing the appeal, you're putting your client at risk of getting a higher sentence. You agree with that? Well, we believe that we're, I guess, going back to Santa Bello, that he should be allowed to ask for a specific performance so he gets the benefit of the bargain that he reached. And we think that... But specific performance would be a sentencing before a judge who didn't have these earlier tax years. And to do that, we'd have to send this all back for an entirely new sentencing proceeding, wouldn't we? Well, Santa Bello talks about, I guess, the court having discretion to fashion remedy. It's not limited to just remand. And I know that this might be unusual, but as I said, we're not, I guess, really contesting... I worry, Mr. Lum, that it's not only unusual, but it's never been done. And I don't think Santa Bello says that's what we do. So I think my colleagues' questions here are pretty relevant in that if we feel like you've got one of two things you can do, you can vacate the sentence and re-sentence, or you can allow the defendant to withdraw a plea. And that's all we think you've got a remedy to do. It seems to me that you are suggesting that he might get a bigger sentence than he ever got before. Well... I mean, if we won't go for restitution, only on restitution, you're putting your client much at risk, aren't you? Well... I mean, I couldn't find the case, Santa Bello. Whatever you want to come up with, I couldn't find the case that suggested I could either do... If there is a breach, number one, okay? I'm not saying there isn't, but let's say if there is a breach, then I had to vacate the sentence and send back for sentencing, or I allow your client to withdraw the plea. That's the only two things I know about. And either way, even under the guidelines, the sentence that the plea agreement called for was 18 to 24 months. He got 20 months, so it could go back and he could get 24 months. Is that a risk he actually wants to take? Well, we think that there's also, I guess, a due process argument that would come in at that time, that he should not be penalized for exercising his right to appeal. As you said, we're looking at specific performance, what he expected when he entered into... But if we remanded to a different judge, would there be any issue of due process about him being penalized? Why would that judge care that that judge would just come up with a sentence? And what if that judge thinks 24 months is appropriate? Well, we would, I guess, have to show the judge that based on the sentencing factors that were first taken into account, such as his acceptance of responsibility, his family ties, his community ties... See, here's one of the problems I have with your argument. We have, you know, a line of cases that say the sentencing by a district judge is really a sentencing package. In other words, all the elements, you know, they're sort of interdependent. How long is incarceration? How long is supervised release? How much should the fine be? How much should the restitution be? And our cases say, you know, the judges usually take all those factors into consideration, put them all together into a package. So if you take away one element of the package, it destroys the whole package. So in fairness, the district judge should have the opportunity for a complete resentencing. I think that's what our cases say. Now, if we go along with that and we vacate the sentence because, say, the restitution, you know, was improper, I mean, that means, I think, as Judge Smith and Judge Freeland have been implying, it opens up the entire sentence under our case law. Now, all I'm saying is, you know, you should be conscious of that risk your client is taking. Well, if I know that the court has the option to either remand to a different judge or the same judge, one of the things we're asking is to strike those additional or, what we believe, a breach regarding tax years 2002 through 2004. If an amended pre-sentence report is prepared, and I think we would not object to going back before the same sentencing judge, if the same sentencing judge had the same factors as before but just had the restitution regarding the tax loss for those 2002 through 2004 years, we believe that she would impose pretty much the same sentence as before, just leaving out those, as we said, the additional restitution. One of our concerns at why she was fighting the appeal was that, you know, he did pay the $237,000 to the IRS prior to sentencing, and that pretty much stretched his resources to the limit. The additional $61,180 restitution was not anticipated at the time that he entered into the agreement, and I guess it's like pretty much pushed him to the edge. At this point in time, he's ‑‑ But in effect, I mean, this is the problem I have. In effect, even the plea agreement suggests that the IRS, no question, the court is not bound by this agreement, no question, the IRS is not bound by the agreement. In fact, the IRS can go examine, determine, assess, collect any excess amounts, including the $61,180, and can they collect it. This is just a matter of whether they go collect it or it's a part of the restitution, and you're bargaining with excess time in prison for that. Well, we think that what the plea agreement did regarding the IRS, regarding other tax years, would that be that they would have to, I guess, provide some kind of proof, because what they were going by at the restitution amount was just going by that he had a specific amount that he paid, and they believe that he underpaid by, say, two to three times, and that's how they extrapolated it to the prior years. We think that at a hearing, if the IRS had to actually show what the actual losses were, that it would not amount to the amount that they're asking for at this time. So you actually want a civil proceeding where you can challenge that. That's why you're doing this? Well, that's one of the reasons. But, you know, at a civil proceeding, you know, there would be, I guess, additional safeguards, because on the relevant conduct portion of ordering the restitution, the court makes that determination, and Mr. Agard is basically stuck with it. If he left it up to the IRS to try to at least meet some kind of burden to show those were the actual tax losses for those years, then Mr. Agard would have a chance to contest it and argue if that is actually the correct amount, because at this point now, as you said, they were just extrapolating back to the 2002 to 2004 years based on what was argued on the 2005 through 2007. What is your best case for their bringing a breach here? I mean, I've questioned you very, and so have my colleagues, about why you're trying to do this. The court didn't impose a sentence above the guideline range. You don't argue the pleas were not voluntarily or knowingly made. The government didn't argue for any different sentence than it agreed to argue for. The only thing that happened was that they were asked to submit information to the probation and parole, as I understand it, or parole officers, and they did. Even when questioned by the court about relevant conduct, the government continued to insist on the lesser amount of the tax. So what is the breach? Well, at the sentencing, the government kind of admitted there was an error because they stated that they were not going to ask for a specific amount. They even went above and beyond. Even when they were questioned about it, they continued to insist on the lower amounts. They said, no, we don't want that. Don't put it in there. We want less. And now you're asking for a breach. Well, the government actually, in their sentencing memorandum, did not argue for the lesser amount that Mr. Green was arguing in his first supplemental memorandum. They just stated that in their own sentencing memorandum, the government stated basically that they had no objection to the probation officer's pre-sentence report. We think that's a little bit different. They could have actually come out more vociferously, as we said, in the supplemental sentencing memorandums that were presented by Appellant regarding leaving out those actual tax years from 2002 to 2004. And we have to go back to the- Do you dispute that they were asked for them? Did the probation officer ask about those years? Well, there is a dispute, because it looks from reading the pre-sentence report that the agent, Wyrie, from, I believe, the IRS, provided information. Pretty much contrary. It's not like the probation office asked for any prior tax years. We believe they asked for information regarding the tax losses and relevant conduct, and instead of just editing out, because, once again, the letter from Mr. Green stated specifically that, you know, they would limit the information provided to the probation office to 2005 to 2007. Instead, they brought down everything that they were investigating Mr. Agard on and presented the entire- Is it in the record that that was the way the question was worded? It's not actually in the record, but we believe that, I guess, it's not like the probation officer made a specific request for those additional tax years. How do we know that, though? I mean, if he had asked for those years, would it be a breach to answer the question? Well, that should have been brought up before that information was provided, because it was clearly part of the inducement into entering the plea, and it was an important matter to the defense attorney when he was communicating with the AUSA. But there's – as Judge Freeland says, there is nothing in the record from which we can determine whether or not the probation officer asked for this information, is there? Not specifically, Your Honor. So there's nothing on which to base the argument. Is there, that the IRS investigator volunteered it? Well, as we said- It's just a – that's just a supposition. Well, yes, Your Honor, but we're just reading what was placed in the pre-sentence report by the probation office, and there's no indication that there was a specific request made by them. Well, there's no indication either way. Well- Is there? Well, I guess just based on the way that these investigators usually work, when they make the request to the U.S. attorney or the agent, that it's in their discretion what they're going to provide, what they believe is relevant conduct that's covered by the plea agreement. They don't usually, I guess, wait and ask the probation office, you know, do you want these years or are you looking at interested in these matters? They prepare the package, and they're the ones that provide it. I also did see the order regarding the paragraph 12, regarding the waiver. We do want to go back to what we raised in the opening brief that we believe under the- I think we already have that down, so we appreciate it. You're over time. You better move to the government. Thank you. Good morning, Your Honors. Les Osborne for the United States. On the question we were just discussing concerning how this came to pre-sentence's attention, there is absolutely nothing in the record except the paragraph in the pre-sentence report says that the IRS continued its investigation, and they are changing their position. And- Where is that paragraph? I think I have it right here. Here, page 19 of the second pre-sentence report. Page 19, paragraph 18A, and it quotes, paragraph 18A has been added to reflect information from IRS reports as a result of new information. And whether Mr. Wiley sent that to the IRS or whether the IRS asked for more information, I have a belief, but it clearly is not supported by anything in the record, and that's where we are. I agree. Well, let me ask. I know you had some contact, right? I mean, you were the trial attorney. That's correct, Your Honor. Because the PSR says that you talked to the probation office, right? Actually, I'm sure I must have said something to the probation office, but it's our practice usually with a senior IRS inspector, and Mr. Wiley is, to put them in direct contact with the probation department. I did not personally provide any dollar and cents information at all. Well, you see, to me, this is an important issue. In other words, I think it's pretty, at least I believe this is true, that the probation officer is entitled to ask you or anybody else, you know, whatever information he or she thinks is necessary to write a complete report. And, you know, I think in that capacity, the probation officer is working as an officer of the court itself, hired by the court, and I think, in my view, you would have the obligation to give the probation officer whatever they ask for. But, on the other hand, I don't think, under the plea agreement, you or anybody on the government's team can volunteer information to the probation officer that's not asked. And the problem is nothing in the record clarifies that for me as to whether that was asked or not. So I think, to me, the question comes down to who has a burden on that issue to show that either, I guess what you would want to show is that the probation officer asked you, asked the government for this information, or the defendant would want to show that you volunteered it. So who has, who should have the burden on that issue? And I agree with Your Honor that we should, in the future and from this day forward, make sure that there is some kind of transmission document. But, quite frankly, it was never assumed that there would be an appeal in this matter. The difference in the figures came up in the second report, and no one ever knew about it before. And, obviously, it has created a problem, but there was no real vehicle at the time the notice of appeal was filed to supplement the record. So who has the burden at this point? Well, it's the government's position, Your Honor, that there is no breach at all. But doesn't that turn on this question of whether the information was requested or volunteered? I don't think it turns on that question, Your Honor. It obviously would be of assistance. But the plea agreement specifically says, and Mr. Agard was aware of it. I mean, he's an attorney, and he read it, and he said he read it, and the court asked him if he had any questions, and he said he didn't. And that agreement specifically says that the court has the right to obtain additional information, and they did. But that goes back to whether they asked for it or not. Your Honor, that is a question that I cannot answer without going off the record, and I can't do that on this issue. I guess I'm back to my colleague's question, which was a little bit interesting to me. So whose burden is it? If the defendant must prove the government breached the agreement, is the defendant's job and burden then to show that there was, in fact, a breach? Yes, Your Honor. I do believe that if you're arguing a breach, you have to show there was a breach. But how could the defendant show that the government was asked? Wouldn't it have to be that the government – sorry. Wouldn't it have to be that the defendant shows, look, you provided this information, and then the burden shifts to the government to show that it was asked for? Because it's not information that's in the defendant's possession. Well, perhaps the probation department should have said where or why or what the genesis was of getting the information. But in these situations, when the probation parole sends out for the information to be gathered, isn't it such that both the government and the defense have an obligation to object to the information that the probation department has put in the report? And when they do object, the defense has to give reasons for the objection. Isn't that the way it goes? One would think. But in this case, Your Honor, the argument against the additional information made at the second sentencing hearing was not predicated at all upon who provided this information or whether – where did the information come from. The sole attack upon the information was that the government couldn't show that it was willful. And that's what the argument was all about. The government – so their argument really was, as I understood it as well, that this wasn't relevant conduct. And the government agreed that it wasn't relevant conduct. Isn't that true? No. The government didn't agree it wasn't relevant conduct. The government agreed that it had said that the only thing to be considered here was the range of 200,000 to 400,000. As I understood it, however, they insisted that the lesser amount of the tax was the only relevant conduct. Was that the government's argument since you made it? Thank you, Your Honor. And my recollection is that we argued that the agreement called for sentencing and restitution be within the 200,000 to 400,000 dollar range. I really don't recall myself arguing – I mean, I said it was relevant conduct and we don't have to prove willfulness. Clearly, I said that. But I don't recall any discussion about this matter at the time of the sentencing. And I have looked at the transcript and I just don't recall that. Quite frankly, I was very bemused for some of the reasons that have been discussed this morning that there was an appeal here. I thought the issues were resolved. Obviously, I should know better frequently. No matter how strong you think a position is, it's never resolved. If we – Mr. Osborne, if we come to the – well, first of all, you know, there is a contention by the appellant, the defendant, that the government breached the plea agreement. I'm aware of that, Your Honor. And if we come to the conclusion that, well, we can't answer that question on this record because this important question has not even gotten to the district court, you think it would be proper to remand to the district court to hold a hearing of some kind, maybe an evidentiary hearing to determine whether or not this information was volunteered or was requested by the probation officer? Well, what's your reaction to that? Do you think it's a waste of time? Yes, I do, Your Honor. Obviously, if the court feels that that is the ultimate issue here, then that is the only possible solution is to remand it for the purpose of determining that question. And speaking on behalf of the U.S. Attorney's Office, we would not object to that procedure. Thank you. Yes, thank you. Your time is over. Thank you, Your Honor. Mr. Lam, I'm feeling really good to you this morning. Do you want another minute? If you don't, that's fine.  Okay. You're very generous, as you always are. That's good for you. In his, I guess, it wasn't just an argument regarding willfulness at the lower court level. In his first supplemental sentencing statement, the defense counsel did make the argument that relevant conduct would, the plea agreement had the specific understanding that relevant conduct would be determined based on the taxes owing to a federal government and State of Hawaii for the years 2005 to 2007. So that point was made before the lower court. Once again, going back to the discretion of the court in fashion of remedy, Senator Beall talked about contract principles. And if you go back to contract principles, we don't think that it would be proper to penalize somebody for trying to enforce the actual precise terms of the contract and seeing that they are fulfilled. If one says that insisting on the contract being fulfilled, being sent back, and penalized further by facing a harsher penalty, we think that would violate due process. I understand. Thank you very much for your argument. Case 13-10571 is submitted.
judges: Tashima, Smith, Friedland